IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CARINA T. DEANS** | * | |
| | * | |
| v. | * | Civil Case No. MJG-16-2048 |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-motions for summary judgment. [ECF Nos. 11, 12]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that both motions be denied, that the Commissioner's decision be reversed in part pursuant to sentence four, and that the case be remanded to the Commissioner for further proceedings in accordance with this Report and Recommendations.

Ms. Deans filed her application for Disability Insurance Benefits ("DIB") on September 4, 2012, alleging that her disability began on April 23, 2012.[1] (Tr. 104); *see* Pl. Mot. 1. Her application was denied initially and on reconsideration. (Tr. 105-20). An Administrative Law Judge ("ALJ") held a hearing on August 18, 2014, at which Ms. Deans testified and was represented by counsel. (Tr. 54-81). Following the hearing, the ALJ determined that Ms. Deans was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 38-53). The Appeals Council denied Ms. Deans's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Deans suffered from the severe impairments of "diabetes mellitus, fibromyalgia, psoriatic arthritis, obesity and osteoarthritis." (Tr. 43). Despite this impairment, the ALJ determined that Ms. Deans retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant should never climb ladders, ropes or scaffolds and can occasionally climb ramps or stairs. The claimant can occasionally stoop, kneel, crouch and crawl. The claimant should avoid exposure to workplace hazards such as unprotected machinery and unprotected heights.

(Tr. 44). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Deans could perform her past relevant work and that, therefore, she was not disabled. (Tr. 49).

Ms. Deans raises two primary arguments on appeal: (1) that the ALJ assigned insufficient weight to the opinion of her treating rheumatologist, Dr. Paul Gertler; and (2) that the ALJ improperly assessed Ms. Deans's credibility. Pl. Mot. 8-15. After a careful review of the full

---

[1] I note that Ms. Deans's complete application is not included in the Administrative Record. In addition, although the record indicates Ms. Deans filed her application on September 4, 2012, (Tr.104), I note that Ms. Deans contends she protectively filed her application on July 9, 2012. *See* (Tr. 186-87); Pl. Mot. 1.

record, I concur with Ms. Deans's arguments because the ALJ did not provide substantial evidence to support her conclusions regarding her medical impairments.

As background, Ms. Deans's diagnoses include fibromyalgia. (Tr. 43). SSR 12-2p "provides guidance on how [the Agency] develop[s] evidence to establish that a person has a medically determinable impairment of fibromyalgia, and how [the Agency] evaluate[s] [fibromyalgia] in disability claims and continuing disability reviews under Titles II and XVI of the Social Security Act." *See* SSR 12-2p, at *1. Under the ruling, when making the RFC assessment, the ALJ "will consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" *Id.* at *6. At steps four and five of the sequential evaluation, the ALJ will consider the claimant's symptoms, such as widespread pain and fatigue, in determining whether exertional limitations, non-exertional physical or mental limitations, or environmental restrictions are warranted. *Id*.

Although the ALJ acknowledged SSR 12-2p in her opinion, (Tr. 44), she did not apply its guidance properly in evaluating Ms. Deans's condition. Specifically, the ALJ cited four primary factors to justify the assignment of "less weight" to the opinion of Ms. Deans's treating rheumatologist, Dr. Gertler, and the adverse credibility finding: (1) "generally mild findings on physical examinations;" (2) an absence of "emergency room intervention" or "required hospitalization due to [Ms. Deans's] conditions;" (3) Ms. Deans's admission that she considered "part time work during evaluations with Dr. Gertler;" and (4) Dr. Gertler's recommendation that Ms. Deans "exercise as part of her treatment." (Tr. 48). Each factor will be addressed in turn.

First, the ALJ repeatedly cites Ms. Deans's "generally mild findings on physical examinations" as a basis for devaluing Dr. Gertler's opinion and discrediting Ms. Deans. *See*,

*e.g.*, (Tr. 48). Specifically, the ALJ summarizes several of Dr. Gertler's treatment notes to conclude that Ms. Deans shows "essentially normal findings with minimal and mild indications of symptoms or limitations." *See* (Tr. 46-47). However, the ALJ's analysis does not take into account the fact that fibromyalgia is difficult to corroborate through specific objective findings. *See*, *e.g.*, *Gavigan v. Barnhart*, 261 F. Supp. 2d 334, 340 (D. Md. 2003) (noting that fibromyalgia "poses particular challenges to credibility analyses due to the limited available objective medical evidence."). Indeed, SSR 12-2p provides that the ALJ "will consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" SSR 12-2p, at *6. Therefore, the existence of some examinations in which no significant symptoms were found does not contradict the opinion of Dr. Gertler or the complaints of Ms. Deans, due to the inherently variable nature of her condition.

Moreover, numerous medical records reflect contrary findings, including treatment notes from Dr. Gertler providing far more severe descriptions of Ms. Deans's condition.[2] Notably, examination records revealed a "[f]ibromyalgia clinical diagnosis based on generalized pain and tender points," (Tr. 305), "erosive inflammatory polyarthritis with psoriasis," (Tr. 291), a diagnosis of "chronic fatigue," (Tr. 294), "ongoing symptomology and radiologic change on MRI," *id.*, "erosions on MRI," (Tr. 289), "abnormal ANA with RNP antibodies," *id.*, "musculoskeletal pain," (Tr. 292), "symptomatic" hips, shoulders, and hands, (Tr. 300), "stiffness in the neck as well as the back," *id.*, "pain and restriction on internal rotation of both shoulders," (Tr. 306), and "several tender swollen joints," (Tr. 302). The ALJ, however, failed

---

[2] The ALJ also misstates the treatment of Ms. Deans's fibromyalgia. Specifically, the ALJ notes that "[Ms. Deans] receives a prescription of Cymbalta in response to her fibromyalgia complaints and not due to mental health conditions." (Tr. 48). However, Ms. Deans explicitly testified at her hearing that she was prescribed Cymbalta to treat her depression. (Tr. 71-72). In addition, Dr. Gertler's treatment notes confirm Ms. Deans's prescription to treat her mental health issues. *See* (Tr. 301-02).

to evaluate this evidence, contrary to SSR 12-2p's mandate that the ALJ should consider the longitudinal record and the waxing and waning symptoms of fibromyalgia.

The ALJ also cites the absence of "emergency room intervention" or "required hospitalization due to [Ms. Deans's] conditions" as a basis to reject Dr. Gertler's opinion and Ms. Deans's assertion of disability. *See* (Tr. 48). However, there is no requirement that a finding of disability due to fibromyalgia requires hospitalization or emergency room treatment. To the contrary, fibromyalgia, a chronic, incurable condition, is customarily managed by conservative measures such as medications and dietary changes. *See Lapeirre-Gutt v. Astrue*, 382 Fed. Appx. 662, 2010 WL 2317918 at *1 (9th Cir. June 9, 2010) (noting that the claimant "cannot be discredited for failing to pursue non-conservative treatment options" for fibromyalgia since "none exist."); *Brosnahan v. Barnhart*, 336 F.3d 671, 677 (8th Cir. 2003) (noting that "the lack of any need for surgery is also not a reason to discredit [Plaintiff]: the [American College of Rheumatology] does not recommend surgery for fibromyalgia."). Thus, it was error for the ALJ to discredit Ms. Deans's treating rheumatologist or her own credibility on this basis. Moreover, the ALJ's reliance on Ms. Deans's alleged admission that she considered "part time work" was also improper. *See* (Tr. 48). Critically, Ms. Deans noted in her September 25, 2012 evaluation with Dr. Gertler that "[s]he is considering part time work but *does not know if she has the energy*" to do so as a result of her impairments. *See* (Tr. 317) (emphasis added). Contrary to the ALJ's assertion, Ms. Deans did not concede that she believed she was capable of part-time work. Instead, Ms. Deans provided further support that she was not capable of doing so as a result of her fatigue and physical limitations. Accordingly, the ALJ improperly relied on Ms. Deans's statement to discredit Dr. Gertler and Ms. Deans's own description of the severity of her impairments.

Finally, the ALJ cited Dr. Gertler's recommendation that Ms. Deans exercise as a basis for devaluing Dr. Gertler's opinion and discrediting Ms. Deans. *See*, *e.g.*, (Tr. 48). However, Dr. Gertler's recommendation that Ms. Deans participate in therapeutic exercise is not inconsistent with a finding of disability. *See Johnson v. Astrue*, 597 F.3d 409, 412 (1st Cir. 2009) (holding that "aerobic exercise is not inconsistent with [treating physician's] opinion regarding claimant's limited physical abilities"). Indeed, "[physical exercise] is the appropriate treatment for fibromyalgia." *Id.*; *see Williams v. Astrue,* No. 1:08-CV-270, 2009 WL 1408246, at *3-4 (E.D. Va. May 19, 2009). Contrary to the ALJ's assertion, the fact that a patient is encouraged to remain active does not disprove her allegations of disability or reflect an ability to sustain work. Accordingly, the ALJ improperly relied on Dr. Gertler's recommendation to discredit his opinion and Ms. Deans's credibility.

Ultimately, in light of the flawed evidence cited by the ALJ to support her conclusions, I cannot find substantial evidence to support (1) her assignment of weight to the opinion of Dr. Gertler, or (2) her adverse credibility assessment. Accordingly, I recommend remanding the case so that the ALJ may fulfill her duty of explanation. In so recommending, I express no opinion regarding whether the ALJ's ultimate conclusion that Ms. Deans is not entitled to benefits is correct or incorrect.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment (ECF No. 12);

2. the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 11);

3. the Court REVERSE in part the Commissioner's decision under sentence four; and

4. the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  February 8, 2016                                          /s/
                                                                          Stephanie A. Gallagher
                                                                          United States Magistrate Judge